UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

DONNA L. PHILLIPS,

        Plaintiff,

  v.

IMS LOANS, INC., a California corporation, WELLS FARGO BANK, as successor by acquisition to Wachovia Bank and World Savings Bank, a California corporation; and DOES 1 through 10, inclusive,

        Defendants.

NO. CIV. S-09-3112 FCD/EFB

MEMORANDUM AND ORDER

----oo0oo----

    This matter is before the court on (1) the court's order imposing sanctions and dismissing the case, filed May 11, 2010 (Docket #s 11, 14) and (2) defendant Wachovia Mortgage, a division of Wells Fargo Bank's ("defendant") motion for an award of attorneys' fees (Docket #s 15, 18, 19) and the court's order to show cause ("OSC") to plaintiff's counsel for failure to

1

respond to the motion (Docket #20).[1]  On May 11, 2010, the court dismissed this mortgage foreclosure case, under Federal Rule of Civil Procedure 41(b), for plaintiff's failure to comply with court orders or otherwise prosecute the case.  Defendant now moves for an award of attorneys' fees based on that order, arguing that as the prevailing party in the case, it is entitled to fees pursuant to its contracts with plaintiff.

Defendant originally removed this case to this court on November 6, 2009.  Subsequently, on November 13, 2009, it moved to dismiss the case.  (Docket #6.)  Plaintiff failed to respond to the motion, and the court issued an OSC to plaintiff's counsel on February 1, 2010.  (Docket #9.)  Again, plaintiff failed to respond, and on March 29, 2010, the court issued an order sanctioning counsel $150.00, and it issued a further OSC to plaintiff's counsel re: imposition of additional monetary sanctions, in the amount of $300.00, and for dismissal of the case for failure to prosecute.  (Docket #10.)  Counsel did not respond, and the court issued its May 11 Order dismissing the case and imposing sanctions on counsel in the amount of $450.00. (Docket #11.)  Counsel did not timely pay the sanctions, and on June 4, 2010, the court set the matter for a hearing on July 23, 2010.  (Docket #14.)

Counsel additionally did not respond to defendant's motion for attorneys' fees, which sought an award of $7,907.50 against plaintiff, personally, pursuant to the terms of the Promissory

---

[1] Because oral argument will not be of material assistance, the court orders these matters submitted on the briefs.  E.D. Cal. L.R. 230(g).

Note and Deed of Trust plaintiff executed with defendant. (Docket #18.) As a result of counsel's failure to respond to that motion, the court issued another OSC on June 28, 2010 (Docket #20), setting the matter for hearing on July 23, 2010. Again, plaintiff's counsel did not respond to the OSC pertaining to defendant's attorneys' fees motion.

Because of plaintiff's counsel's continued failure to comply with the court's orders, the court reviewed counsel's state bar records. On April 9, 2010, a Notice of Disciplinary Charges was issued to counsel by the State Bar of California, charging counsel with 29 offenses, including among other things: failure to maintain client funds in trust account, moral turpitude misappropriation of funds, failure to cooperate in State Bar investigations, formation of a partnership with a non-lawyer, failure to refund unearned fees, sharing legal fees with a non-lawyer, unauthorized practice of law in another jurisdiction, and failure to perform with competence. (In the Matter of: Stephen Paul Collette, No. 186439, Case Nos. 09-O-10385, 09-O-12389, 09-O-12430, 09-O-12656, 09-O-13415, 09-O-13532, 09-O-14457.) Like his conduct in this court, counsel failed to respond to the charges, and on June 21, 2010, the State Bar Court issued an order, entering default against counsel, which deemed the factual allegations of the charges admitted, and suspended counsel from the practice of law. (In the Matter of Stephen P. Collette, Member No. 186439, Case No. 09-O-10385-RAH.) His suspension remains in effect until counsel requests and the Bar Court grants a motion for termination of actual suspension. Until then, counsel remains ineligible to practice law. (Id.)

1         As a result of the State Bar disciplinary proceedings and
2   counsel's present ineligible status, the court HEREBY VACATES, in
3   its discretion, the pending sanctions orders (Docket #s 11, 20)
4   against counsel as further collection efforts appear to be
5   futile.  A hearing on these orders is likewise unnecessary.
6         With respect to defendant's motion for attorneys' fees, the
7   court directs defendant to attempt to personally serve plaintiff
8   Donna L. Phillips with the motion.  Due to the State Bar
9   proceedings, plaintiff is effectively without counsel in this
10  case.  Defendant's motion seeks imposition of an award of
11  attorneys' fees against plaintiff, *personally*, pursuant to her
12  contracts with defendant.  It is not clear whether plaintiff has
13  any knowledge about the status of her counsel or the pending
14  motion against her.  As such, the court orders defendant to
15  attempt to serve plaintiff with the motion within 30 days.
16  Defendants shall file either a proof of service, indicating how
17  and at what location service was effectuated, or a declaration
18  attesting to the efforts made to locate plaintiff.  Upon receipt
19  of either the proof of service or declaration, the court will
20  reset the motion for attorneys' fees for hearing, providing if
21  plaintiff is located, a time for her to respond to the motion.
22  Accordingly, the hearing on defendant's motion for fees (Docket
23  #15), set for July 23, 2010, is HEREBY VACATED.  The motion is
24  ///
25  ///
26  ///
27  ///
28  ///

1 | deferred pending further order of the court.
2 |     IT IS SO ORDERED.
3 | DATED: July 15, 2010

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE