UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

DONNA L. PHILLIPS,

                                              NO. CIV. S-09-3112 FCD/EFB
          Plaintiff,

     v.                                    MEMORANDUM AND ORDER

IMS LOANS, INC., a California
corporation, WELLS FARGO BANK,
as successor by acquisition to
Wachovia Bank and World
Savings Bank, a California
corporation; and DOES 1
through 10, inclusive,

          Defendants.

----oo0oo----

     This matter is before the court on defendant Wachovia

Mortgage, a division of Wells Fargo Bank's[1] ("defendant") motion

for sanctions in the amount of attorneys' fees and costs against

plaintiff Donna L. Phillips' ("plaintiff") former counsel,

Stephen P. Collette ("Collette").  The court directed Collette to

_____

     [1] Wachovia Mortgage is erroneously named in this action as
"Wells Fargo Bank as successor by acquisition to Wachovia Bank
and World Savings Bank."

1

appear at the hearing on October 8, 2010, but he failed to do so. For the reasons set forth below, defendant's motion for sanctions is GRANTED.

**BACKGROUND**

Defendant originally removed this case to this court on November 6, 2009.  Subsequently, on November 13, 2009, it moved to dismiss the case.  (Docket #6.)  Plaintiff failed to respond to the motion, and the court issued an OSC to plaintiff's counsel on February 1, 2010.  (Docket #9.)  Again, plaintiff failed to respond, and on March 29, 2010, the court issued an order sanctioning counsel $150.00.  The court also issued a further OSC to plaintiff's counsel regarding the imposition of additional monetary sanctions, and dismissal of the case for failure to prosecute.  (Docket #10.)  Counsel did not respond, and the court issued its May 11, 2010 Order dismissing the case and imposing sanctions on counsel in the amount of $450.00.  (Docket #11.) Counsel did not timely pay the sanctions, and on June 4, 2010, the court set the matter for hearing on July 23, 2010.  (Docket #14.)

Counsel additionally did not respond to defendant's motion for attorneys' fees, which sought an award of $7,907.50 against plaintiff, personally, pursuant to the terms of the Promissory Note and Deed of Trust plaintiff executed with defendant. (Docket #18.)  As a result of counsel's failure to respond to that motion, the court issued another OSC on June 28, 2010 (Docket #20), setting the matter for hearing on July 23, 2010. Again, plaintiff's counsel did not respond to the OSC pertaining to defendant's attorneys' fees motion.

2

1   Because of plaintiff's counsel's continued failure to comply

2   with the court's orders, the court reviewed counsel's state bar

3   records.  On April 9, 2010, a Notice of Disciplinary Charges was

4   issued to counsel by the State Bar of California, charging

5   counsel with 29 offenses, including: failure to maintain client

6   funds in a trust account, moral turpitude, misappropriation of

7   funds, failure to cooperate in State Bar investigations,

8   formation of a partnership with a non-lawyer, failure to refund

9   unearned fees, sharing legal fees with a non-lawyer, unauthorized

10  practice of law in another jurisdiction, and failure to perform

11  with competence.  (In the Matter of: Stephen Paul Collette, No.

12  186439, Case Nos. 09-O-10385, 09-O-12389, 09-O-12430, 09-O-12656,

13  09-O-13415, 09-O-13532, 09-O-14457.)

14  Counsel failed to respond to the charges, and on June 21,

15  2010, the State Bar Court issued an order, entering default

16  against counsel.  The order deemed the factual allegations of the

17  charges admitted, and suspended counsel from the practice of law.

18  (In the Matter of Stephen P. Collette, Member No. 186439, Case

19  No. 09-O-10385-RAH.)  His suspension remains in effect until

20  counsel requests, and the Bar Court grants, a motion for

21  termination of actual suspension.  Until then, counsel remains

22  ineligible to practice law.  (Id.)

23  Due to Collette's ineligible status, the court vacated the

24  sanction orders against him on July 15, 2010.  Noting that

25  plaintiff may not have been aware of the status of her counsel or

26  the pending motion against her, the court directed defendant to

27  personally serve plaintiff with its motion for attorneys' fees.

28  On September 24, 2010 plaintiff filed an opposition to

3

defendant's motion stating that she did not provide authorization for Collette to file this lawsuit, and, in fact, was unaware of the lawsuit until she was personally served in August of 2010. Subsequently, defendant replied, stating that they would withdraw their motion for attorneys' fees against plaintiff personally, if the fee award were imposed against Collette.

**ANALYSIS**

**A.   Imposition of Sanctions**

Section 1927 allows the court to award fees against "any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously."  28 U.S.C. § 1927.  This section is not specific to any statute, but applies to any civil suit in federal court.  Hyde v. Midland Credit Mgmt., Inc., 567 F.3d 1137, 1141 (9th Cir. 2009).  Further, the statute "explicitly provides for remedies against offending attorneys."  Id.; F.T.C. v. Alaska Land Leasing, Inc., 799 F.2d 507, 510 (9th Cir. 1986).

The court also has the inherent power to issue sanctions in order "to protect the due and orderly administration of justice and maintain the authority and dignity of the court."  Primus Auto. Fin. Servs., Inc. v. Batarse, 115 F.3d 644, 648 (9th Cir. 1997) (internal quotations and citation omitted).  These sanctions may be issued when the party has acted "in bad faith, vexatiously, wantonly, or for oppressive reasons" and may take the form of attorneys' fees.  Id.  Before awarding such sanctions however, "the court must make an explicit finding that counsel's conduct 'constituted or was tantamount to bad faith.'"  Id. (quoting Roadway Express, Inc. v. Piper, 447 U.S. 752, 767 (1980)).

4

1    Collette's actions as detailed above, including filing a
2    lawsuit on behalf of a plaintiff without plaintiff's knowledge or
3    authorization, abandoning a client, and abandoning a lawsuit,
4    constitute bad faith.   Further, the judicial resources that the
5    court was forced to expend in an effort to get Collette to
6    respond to defendant's motions and multiple OSCs warrants the
7    imposition of sanctions.   Therefore, in the interest of
8    protecting the due and orderly administration of justice, the
9    court imposes sanctions against Collette in the form of
10   attorneys' fees and costs, pursuant to both § 1927 and the
11   court's inherent power to issue sanctions.[2]

12   **B.   Amount of Sanctions**

13        **1.   Reasonable Hourly Rate**

14        In order to determine what rate is "reasonable," courts look
15   at "prevailing market rates in the relevant community." Blum v.
16   Stenson, 465 U.S. 886, 895 (1984); Davis v. City of San
17   Francisco, 976 F.2d 1536, 1545 (9th Cir. 1992) (a reasonable
18   hourly rate should be determined "by reference to the fees that
19   private attorneys of an ability and reputation comparable to that
20   of prevailing counsel charge their paying clients for legal work
21   of similar complexity"). Determination of a reasonable hourly
22   rate is not made merely by reference to rates actually charged by
23   the prevailing party. Chalmers v. City of Los Angeles, 796 F.2d
24   1205, 1210 (9th Cir. 1986). Rather, the rate assessed is based
25   on the prevailing rate in the relevant community *for similar*

26   ────────────────────
27        [2] In light of Collette's conduct, and the fact that
     plaintiff was an unwitting and unwilling participant in this
     lawsuit, defendant has agreed to withdraw its motion for
28   attorneys' fees against plaintiff personally.

*work*.  Id. at 1211; Blum, 465 U.S. at 895 n. 11.  Generally, the relevant community is the forum in which the district court sits. Davis v. Mason County, 927 F.2d 1473, 1488 (9th Cir. 1991).

In this case, defendant's counsel seeks the court's approval of a rate of: $320 per hour for Mark T. Flewelling, an attorney with 29 years of litigation experience; $300 per hour for Fred J. Hickman, an attorney who graduated 24 years ago; $250 per hour for  Jeremy E. Shulman, an attorney with 8 years of litigation experience; and $155 per hour for Dorothy Pandy, a paralegal. These figures reflect the prevailing rate for similar work in the relevant legal community of Sacramento in the Eastern District of California.  Therefore, the court approves these rates.

### 2.   Reasonable Hours Expended

In determining the reasonable hours expended, the party seeking attorneys' fees bears the burden of submitting detailed time records which justify the hours spent working on the claims. Hensley v. Eckerhart, 461 U.S. 424, 434 (1983) (district court should exclude hours not "reasonably expended").

The court considers the amount of hours requested in this case reasonable, but reduces the hours slightly in light of the brief telephonic hearing on October 8, 2010.  Thus, after reducing counsel's hours from 1.5 to .5 for the October 8, 2010 hearing, the court determines that counsel is entitled to $9,371.50 in attorneys' fees and costs.

### CONCLUSION

For the foregoing reasons, the court grants defendant's motion for sanctions in the form of attorneys' fees and costs against Stephen P. Collette in the amount of $9,371.50.

6

        IT IS SO ORDERED.

DATED: October 8, 2010

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE